**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4302**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAPHELE LAMONT LITTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:01-cr-00321-CCE-2)

Submitted:  November 14, 2017                    Decided:  December 8, 2017

Before GREGORY, Chief Judge, and NIEMEYER and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphele Lamont Little appeals the district court's judgment revoking his term of supervised release and sentencing him to 13 months' incarceration, followed by a 1-year term of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Although advised of his right to file a pro se supplemental brief, Little has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "[E]ven if a revocation sentence is plainly unreasonable, we will still affirm it if . . . any errors are harmless." *Id.* We review revocation sentences for both procedural and substantive reasonableness. *Id.* A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statement and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained the chosen sentence. *Id.* A sentence is substantively reasonable "if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

2

In this case, the district court correctly calculated the policy statement range, considered the relevant § 3553(a) factors and Little's arguments, and explained that, in light of the underlying crime and Little's prior supervised release violation, a sentence slightly outside the policy statement range was necessary. We therefore conclude that Little's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review. If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*